United States District Court
Southern District of Texas
ENTERED

MAR 3 0 2000

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT ALVARADO | § | |
| | § | |
| V. | § | C.A. NO. C-00-096 |
| | § | |
| ALFRED SILVAS | § | |

### MEMORANDUM AND RECOMMENDATION

Plaintiff is currently an inmate incarcerated at the McConnell Unit, Texas Department of Criminal Justice ("TDCJ-ID"). Proceeding *pro se* and *in forma pauperis*, plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 alleging that defendant violated his Eighth Amendment rights by using excessive force against him on December 21, 1999 (D.E. 1).

For the reasons discussed herein, it is recommended that plaintiff's claims be dismissed, because he has failed to exhaust his administrative remedies in accordance with 42 U.S.C. § 1997e(a).

### I. JURISDICTION

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### II. FACTS AND PROCEEDINGS

Plaintiff claims that, on December 21, 1999, Defendant Silvas used excessive force against him. Specifically, he claims that Silvas slammed him against the floor while he was handcuffed.

Plaintiff also alleges that once he was on the ground, Silvas held his feet with a very strong grip that left hand marks on his feet. Plaintiff avers that he suffered injuries, including injuries to his feet, as a result of the incident. He seeks damages and an order removing Silvas from his job.

### III. APPLICABLE LAW

A. In Forma Pauperis screening

"The federal *in forma pauperis* statute enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989) (citing Adkins v. E.I. DuPont de Nemours & Co. 335 U.S. 331, 342-43, 69 S. Ct. 85, 90-91 (1948)). A district court in examining an action filed IFP may dismiss the case if satisfied that the action is frivolous or malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(I). A complaint is frivolous under § 1915 when "it lacks an arguable basis either in law or in fact". Id. at 1831-32. A pleading fails to state a claim upon which relief may be granted when the claimant can prove no set of facts entitling him to relief. Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).

The in forma pauperis litigant lacks the economic incentive which prevents other litigants from filing frivolous suits. Thus,

2

the power of sua sponte dismissal may be invoked by the court to prevent abusive litigation and to "spare prospective defendants the inconvenience and expense of answering such complaints". <u>Neitzke</u>, 109 S.Ct. at 1831. The Fifth Circuit has interpreted the Supreme Court's ruling as permitting a two pronged test: an IFP proceeding may be dismissed sua sponte when (1) the claim has no realistic chance of ultimate success or (2) the claim has no arguable basis in law and in fact. <u>Booker v. Koonce</u>, 2 F.3d 114, 116 n.9 (5th Cir. 1993); <u>Pugh v. Parish of St. Tammany</u>, 875 F.2d 436, 438 (5th Cir. 1989). Under this test, a district judge has the authority "to dismiss a claim based on an indisputably meritless legal theory", for example the claim that a defendant infringed upon a legal interest which clearly does not exist. <u>Neitzke</u>, 109 S.Ct. at 1833. A court may also dismiss an action for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts which entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 46, 78 S.Ct. 99 (1957).

## IV. DISCUSSION

A.  **Failure to exhaust administrative remedies**

Prisoners are required to exhaust available administrative remedies prior to bringing a § 1983 action. 42 U.S.C. § 1997e(a); <u>Powe v. Ennis</u>, 177 F.3d 393 (5th Cir. 1999). Section 1997e(a) provides that "no action shall be brought with respect to prison

3

conditions under section 1983 ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id.

In addressing the revisions to § 1997e made by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, § 803, 110 Stat. 1321 (Apr. 26, 1996), the Fifth Circuit concluded that the exhaustion requirement is not jurisdictional, although it is mandatory rather than discretionary. Underwood v. Wilson, 151 F.3d 292 (5th Cir. 1998) (per curiam), cert. denied, 119 S.Ct. 1809 (1999). The Court determined that the administrative grievance procedure must be completed prior to filing suit in federal court; efforts to exhaust administrative remedies after filing suit are insufficient. Id.

The type of relief sought by plaintiff is important to the analysis of whether a prisoner's lawsuit is barred by the statutory exhaustion requirement of § 1997(e)(a). See Whitley v. Hunt, 158 F.3d 882, 886 (5th Cir. 1998). If a federal inmate brings a mixed claim, i.e. for both injunctive relief and monetary damages, he or she will be required to exhaust administrative remedies before pursuing a judicial remedy. See Whitley, 158 F.3d at 886 (citing Arvie v. Stalder, 53 F.3d 702 (5th Cir. 1995)). However, a federal prisoner suing exclusively to recover monetary damages is not, at this time, required to exhaust administrative remedies under §

4

1997(e)(a). <u>Whitley</u>, 158 F.3d at 886.[1]

In the instant case, plaintiff is required to exhaust TDCJ-ID's remedies because, in addition to his damages claims, he unambiguously seeks injunctive relief in the form of an order removing defendant Silvas from his job. POC[2] at 4. Plaintiff admitted in his complaint that he has not exhausted his administrative remedies. POC at 3. He has not filed with the Court any copies of administrative complaints or grievances concerning the use of force alleged in his complaint, nor does he claim that any exist. Plaintiff has therefore failed to comply with § 1997e(a). For this reason, it is recommended that plaintiff's cause be dismissed without prejudice.[3]

---

[1]The Fifth Circuit may soon reconsider this exception to the exhaustion requirement. <u>See</u> <u>Wright v. Hollingsworth</u>, 201 F.3d 663, 666-67 (5th Cir. 2000) (panel urges Fifth Circuit to reconsider <u>Whitley</u> en banc to determine whether exhaustion should be required when the prisoner makes a claim for relief that cannot be obtained through the grievance procedure).

[2]"POC" refers to Plaintiff's Original Complaint.

[3]However, plaintiff is prohibited from pursuing this claim in the future *in forma pauperis*. <u>See</u> <u>Underwood v. Wilson</u>, 151 F.3d at 296; <u>Marts v. Hines</u>, 117 F.3d 1504, 1505 (1997). If he seeks to re-file this claim, he must pay the filing fee at the time he files the complaint.

5

## V. RECOMMENDATION

As plaintiff has failed to exhaust his prison administrative remedies, in accordance with § 1997(e), it is recommended that plaintiffs' complaint (D.E. 1) be dismissed without prejudice.

RESPECTFULLY SUBMITTED this 29 day of March, 2000.

_____
JANE COOPER-HILL
UNITED STATES MAGISTRATE JUDGE

6

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).